**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHARON SCOTT,**

    **Plaintiff,**

**v.**                                                                                          **Case No:**

**ONEMAIN FINANCIAL GROUP,**
**LLC**,
                                                                                                 **DEMAND FOR JURY TRIAL**
    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **SHARON SCOTT** ("Ms. Scott" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, ONEMAIN FINANCIAL GROUP, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Ms. Scott's Cellular Telephone after Ms. Scott demanded that Defendant stop calling her Cellular Telephone, which can reasonably be expected to harass Ms. Scott.

*Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

*Parties*

4. Plaintiff, Ms. Scott, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Ms. Scott is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-0492 ("Ms. Scott's Cellular Telephone").

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of MD and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

*Statements of Fact*

7. On or around February 1, 2017, Ms. Scott opened a personal loan account with Defendant in Ms. Scott's name that was assigned a unique account number ("Account").

8. In or around October, 2018, Ms. Scott was hospitalized and fell behind on her payments towards the Account, incurring an alleged outstanding balance thereunder ("Debt")..

9. On or around October 17, 2018, Ms. Scott sent her credit disability form to Defendant as a result of her hospitalization. *See* **Exhibit A.**

10. During the entire month of October 2018, Defendant continued to call Ms. Scott's Cellular Telephone in attempts to collect the Debt.

11. Defendant even called Ms. Scott's Cellular Telephone while she was in the hospital in attempts to collect the Debt.

12. Ms. Scott spoke with Defendant and explained to Defendant that she had been hospitalized.

13. Ms. Scott thought that her credit disability form had been accepted, but in or around December 2018, Ms. Scott received a delinquency notice from Defendant that demanded payment of the Debt.

14. Ms. Scott again notified Defendant that she had been hospitalized and was able to work out payment arrangement ("Payment Arrangement") that would bring her Account current.

15. In January of 2019, Ms. Scott made a payment of $800 pursuant to the Payment Arrangement.

16. Despite Ms. Scott's payment pursuant to the Payment Arrangement, Defendant continued to call Ms. Scott's Cellular Telephone in attempts to collect the Debt.

17. On or around January 30, 2019, Ms. Scott explained to Defendant that she just made the payment pursuant to the Payment Arrangement and demanded that Defendant stop calling her Cellular Telephone.

18. Defendant told Ms. Scott that it had notated the Account and that the calls should stop for a few days.

19. The very next day, despite the fact that Ms. Scott had just made a payment pursuant to the Payment Arrangement and had told Defendant to stop calling her Cellular Telephone, Defendant called Ms. Scott's Cellular Telephone again.

20. For at least the second time, Ms. Scott demanded Defendant stop calling Ms. Scott's Cellular Telephone.

21. Despite Ms. Scott's demands, Defendant continued to place calls to Ms. Scott's Cellular Telephone in attempts to collect the Debt.

22. During the time period of October 2018 through the beginning of February 2019, Defendant called Ms. Scott's Cellular Telephone from its branch telephone number 813-985-4511.

23. During the time period, Defendant called Ms. Scott's Cellular Telephone at least thirty-one (31) times from telephone number 813-985-4511.

24. Beginning on or after January 29, 2019, however Defendant began calling Ms. Scott's Cellular Telephone from its collections department telephone number, 844-298-9776.

25. Defendant called Ms. Scott's Cellular Telephone at least eleven (11) times from telephone number 844-298-9776.

26. Defendant has called Ms. Scott's Cellular Telephone at least fifty (50) times during the time period from January of 2019 to the present date.

27. Defendant called Ms. Scott's Cellular Telephone up to four (4) times in a single day.

28. All of Defendant's calls to Ms. Scott's Cellular Telephone were placed in an attempt to collect the Debt.

29. Defendant has harassed Ms. Scott due to the timing and frequency of Defendant's calls.

### *Count 1: Violation of the Telephone Consumer Protection Act*

30. Ms. Scott re-alleges paragraphs 1-29 and incorporates the same herein by reference.

31. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

32. Ms. Scott revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around January of 2019 when she expressly told Defendant twice to stop calling her at least twice.

33. Despite Ms. Scott's several revocations of consent, Defendant thereafter called Ms. Scott's Cellular Telephone at least fifty (50) times.

34. Defendant did not place any emergency calls to Ms. Scott's Cellular Telephone.

35. Defendant willfully and knowingly placed non-emergency calls to Ms. Scott's Cellular Telephone.

36. Ms. Scott knew that Defendant called Ms. Scott's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

37. Ms. Scott knew that Defendant called Ms. Scott's Cellular Telephone using a prerecorded voice because Defendant left Ms. Scott at least one voicemail using a prerecorded voice.

38. Defendant used an ATDS when it placed at least one call to Ms. Scott's Cellular Telephone.

39. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Scott's Cellular Telephone.

40. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Scott's Cellular Telephone.

41. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Scott's Cellular Telephone.

42. At least one call that Defendant placed to Ms. Scott's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

43. At least one call that Defendant placed to Ms. Scott's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

44. At least one call that Defendant placed to Ms. Scott's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

45. At least one call that Defendant placed to Ms. Scott's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

46. At least one call that Defendant placed to Ms. Scott's Cellular Telephone was made using a prerecorded voice.

47. Defendant has recorded at least one conversation with Ms. Scott.

48. Defendant has recorded more than one conversation with Ms. Scott.

49. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Scott, for its financial gain.

50. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Scott's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

51. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Scott, despite individuals like Ms. Scott revoking any consent that Defendant believes it may have to place such calls.

52. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Scott's Cellular Telephone.

53. Defendant has corporate policies to abuse and harass consumers like Ms. Scott.

54. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

55. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

56. Defendant's phone calls harmed Ms. Scott by causing her embarrassment.

57. Defendant's phone calls harmed Ms. Scott by causing her emotional distress.

58. Defendant's phone calls harmed Ms. Scott by causing her lack of sleep.

59. Defendant's phone calls harmed Ms. Scott by causing her stress.

60. Defendant's phone calls harmed Ms. Scott by causing her anxiety.

61. Defendant's phone calls harmed Ms. Scott by causing her aggravation.

62. Defendant's phone calls harmed Ms. Scott by invading her privacy.

63. Defendant's phone calls harmed Ms. Scott by causing harm to her reputation.

64. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

65. Ms. Scott re-alleges paragraphs 1-29 and incorporates the same herein by reference.

66. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(7) by continuing to call Ms. Scott's Cellular Telephone after she demanded Defendant to stop calling her, which can reasonably be expected to harass Ms. Scott.

    b. Defendant violated Fla. Stat. § 559.72(9) by misrepresenting the status of the Debt as seriously delinquent in its calls after Ms. Scott sent Defendant her disability form and remitted payment pursuant to the payment arrangement.

67. As a result of the above violations of the FCCPA, Ms. Scott has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

68. Defendant's phone calls harmed Ms. Scott by causing her embarrassment.

69. Defendant's phone calls harmed Ms. Scott by causing her emotional distress.

70. Defendant's phone calls harmed Ms. Scott by causing her lack of sleep.

71. Defendant's phone calls harmed Ms. Scott by causing her stress.

72. Defendant's phone calls harmed Ms. Scott by causing her anxiety.

73. Defendant's phone calls harmed Ms. Scott by causing her aggravation.

74. Defendant's phone calls harmed Ms. Scott by invading her privacy.

75. Defendant's phone calls harmed Ms. Scott by causing harm to her reputation.

76. It has been necessary for Ms. Scott to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

77. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Sharon Scott, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 19, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff